# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RODOLFO HERNANDEZ, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0189-TWT-RGV-6 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-1057-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days after being served with a copy of it. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the

opinion and order of the district court and any appeal of factual findings will be limited to a review for plain error or manifest injustice. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 23rd day of August, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RODOLFO HERNANDEZ, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0189-TWT-RGV-6 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:12-CV-1057-TWT-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Rodolfo Hernandez's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 444], the government's response thereto, [Doc. 447], and Hernandez's reply, [Doc. 453]. For the following reasons, the undersigned **RECOMMENDS** that Hernandez's § 2255 motion be denied.

**I. PROCEDURAL HISTORY**

A federal grand jury returned a superceding indictment charging Hernandez in Count One with conspiracy to possess with the intent to distribute at least 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)(vii) and 846; and in Counts Two through Four

with possession with intent to distribute at least 100 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation of §§ 841(a)(1), 841(b)(1)(B)(vii), and 18 U.S.C. § 2. [Doc. 48]. Hernandez entered a non-negotiated guilty plea to all four counts. [Docs. 244, 256].

At the plea hearing, Hernandez was placed under oath and testified in English without the assistance of an interpreter, although one was available to him if needed. [Doc. 256 at 2-4]. Hernandez confirmed that he had not consumed any alcohol, narcotic drugs, medicine or pills within the past twenty-four hours. [Id. at 5-6]. The Court explained to Hernandez the rights he was giving up in pleading guilty, and Hernandez stated that he understood and still wished to enter a guilty plea. [Id. at 6-8]. Hernandez acknowledged that no one had threatened or forced him to plead guilty and that no one had threatened that further charges would be brought against him or that other adverse action would be taken against him if he did not plead guilty. [Id. at 8-9]. Hernandez also confirmed that no one had promised him anything in exchange for his guilty plea, including any promise of a particular sentence. [Id. at 9]. Hernandez further affirmed that he had sufficient time to consider and discuss this matter with his attorney before entering his plea and that he was satisfied with counsel's representation. [Id. at 10-11].

2

Next, the prosecutor described the elements of the offense charged in Count One, and Hernandez acknowledged that he understood that he was charged with participating in a conspiracy to possess with the intent to distribute more than 1,000 kilograms of marijuana. [Id. at 11-12]. Hernandez also understood that, as to Count One, he faced a possible maximum sentence of life imprisonment and a mandatory minimum sentence of ten years of imprisonment. [Id. at 12-13]. The prosecutor also described the elements of the offenses charged in Counts Two through Four, and Hernandez understood that he was charged in those counts with possessing with the intent to distribute at least one hundred kilograms of marijuana. [Id. at 13-14]. As to those counts, Hernandez understood that he faced up to forty years of imprisonment and that there was a five-year mandatory minimum sentence for each count. [Id. at 15]. The Court also discussed the United States Sentencing Guidelines with Hernandez and explained that the guideline recommendation is only advisory so the Court could impose a sentence above or below that range. [Id. at 15-16]. Hernandez acknowledged that he could not later withdraw his plea if his sentence was more severe than he expected. [Id. at 16].

The prosecutor then summarized what the evidence would show if the case went to trial. [Id. at 17-19]. Hernandez disagreed with the prosecutor's factual summary.

3

[Id. at 19]. Hernandez admitted that he was guilty of the conspiracy and involved in selling marijuana, but minimized his participation in the conspiracy by stating that he was involved with only 600 pounds, not large quantities. [Id. at 20-21]. The Court found that there was a factual basis for Hernandez's guilty plea to all four counts, but only accepted his guilty plea as to Counts Two through Four and deferred accepting his guilty plea as to Count One until after the presentence report was completed. [Id. at 21-23].

Later, at the sentencing hearing, the Court found that Hernandez's relevant conduct involved at least 2,492.13 kilograms of marijuana and, thus, accepted his plea to Count One. [Doc. 339 at 12-14, 18]. The Court determined that Hernandez's guideline range was 97 to 121 months of imprisonment. [Id. at 20]. The Court sentenced Hernandez to the statutory mandatory minimum, 120 months on each count to be served concurrently. [Id. at 29; Doc. 299].

Hernandez appealed, [Doc. 301], arguing that his guilty plea was invalid because drug quantity was an essential element of Count One, he admitted to a conspiracy involving only 272 kilograms of marijuana, and, thus, there was not an adequate factual basis under Rule 11 of the Federal Rules of Criminal Procedure for the Court to accept his plea, [Doc. 447-1]. On January 27, 2011, the United States Court of

4

Appeals for the Eleventh Circuit affirmed, holding that the district court did not err in accepting Hernandez's guilty plea because "drug quantities are sentencing factors as opposed to elements of an offense." United States v. Hernandez, 411 F. App'x 265, 266 (11th Cir.), cert. denied, 131 S.Ct. 2948 (2011). The United States Supreme Court denied certiorari on May 31, 2011. Id.

On March 26, 2012, Hernandez timely filed this pro se § 2255 motion, arguing that: (1) his trial counsel was ineffective for failing to file a pre-trial motion to suppress co-defendant Juan Noriega-Figueroa's statements and failing to negotiate a plea bargain; (2) he signed the plea form without reading it based on trial counsel's erroneous advise regarding the consequences of his straight-up plea, and "[t]here was virtually no communication between counsel and movant before the plea agreement was signed"; (3) there was an inadequate factual basis for his guilty plea because he admitted to only 600 pounds of marijuana; (4) his trial counsel misadvised him regarding the deportation consequences of his guilty plea and failed to present the issue to the district court in violation of Padilla v. Kentucky, 130 S. Ct. 1473, 1486 (2010), which held that counsel has a constitutional duty to "inform her client whether his plea

5

carries a risk of deportation";[1] (5) his trial counsel "substantially misinformed" him about the nature of the charges against him; and (6) his appellate counsel raised frivolous issues on appeal, failed to argue that Hernandez "only pleaded guilty to 600 pounds," and failed to raise "a meritorious sentencing issue." [Doc. 444 at 4-5; Doc. 444-1 at 5-30]. The government responds that Hernandez is not entitled to relief as to ground three because it was raised and rejected on direct appeal and that his ineffective assistance claims are affirmatively contradicted by the record and relevant law and lack merit. [Doc. 447 at 18-39]. In his reply, Hernandez clarifies his allegations as to grounds two and six, stating that he rejected the government's 98-month plea offer based on trail counsel's erroneous advice that a straight-up plea "would be better for him" because "he would be able to receive substantial benefits from the Government since he was willing to testify for the Government," and that appellate counsel was ineffective for failing to argue on appeal that Hernandez's 121-month sentence "was higher than what the Judge had stated on the record." [Doc. 453 at 2, 4-8].

---

[1] Hernandez presented this issue as grounds four and seven of his motion to vacate. [Doc. 444-1 at 16-21, 27-30].

6

## II. DISCUSSION

### A. General Standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

## B. Ground Three: Validity of Guilty Plea

In ground three, Hernandez argues that there was an inadequate factual basis for his guilty plea because he admitted to only 600 pounds of marijuana, not the 1,000 kilograms alleged in the indictment. [Doc. 44-1 at 13-15]. Hernandez raised this claim on direct appeal, and the Eleventh Circuit rejected it, holding that the district court did not err in accepting Hernandez's guilty plea because "drug quantities are sentencing factors as opposed to elements of an offense." Hernandez, 411 F. App'x at 266. Hernandez may not relitigate in his § 2255 motion matters that were decided against him on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). Accordingly, Hernandez is not entitled to habeas relief on this ground.

## C. Ineffective Assistance of Counsel Claims

### 1. Ground One: Trial Counsel's Failure to File Pre-Trial Motions and Negotiate a Plea Bargain

In ground one, Hernandez alleges that trial counsel was ineffective for failing to file a pre-trial motion to suppress co-defendant Juan Noriega-Figueroa's statements and failing to negotiate a plea bargain. [Doc. 444-1 at 5-7]. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to

8

the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Thus, a voluntary unconditional guilty plea waives all claims alleging nonjurisdictional defects, including counsel's failure to file a pre-trial suppression motion. See United States v. Byrd, 166 F. App'x 460, 461-62 (11th Cir. 2006) (per curiam) (citing United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003) and United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1973) (per curiam)); see also United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000) ("This [waiver of nonjurisdictional defects] includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary."). Because Hernadez does not contend that trial counsel's failure to file the suppression motion rendered his plea involuntary, this ground is waived. See Washington v. United States, No. 10-0286-CG-C, 2010 WL 3338867, at *15 (S.D. Ala. Aug. 5, 2010) (finding that movant's voluntary unconditional guilty plea waived his claims of ineffective assistance of counsel relating to suppression issue), report and recommendation adopted by, 2010 WL 3909536 (S.D. Ala. Oct. 1, 2010). Additionally, Hernandez's assertion that trial counsel failed to negotiate a plea bargain on his behalf is belied by the record, which reveals that Hernandez rejected the government's offer and instead chose to plead straight up without the benefit of an

9

agreement. [See Doc. 256 at 2]. Therefore, Hernandez is also not entitled to habeas relief on ground one.

### 2. Grounds Two, Four, and Five: Trial Counsel's Assistance with Straight-Up Plea

In grounds two, four,[2] and five, Hernandez asserts that he rejected the government's 98-month plea offer based on trial counsel's erroneous advice that a straight-up plea "would be better for him" and that "he would be able to receive substantial benefits from the Government" by testifying against Bruce Heyward, there was "virtually no communication" between himself and trial counsel prior to his straight-up plea, trial counsel misadvised him regarding the deportation consequences of his guilty plea and failed to present the issue to the district court in violation of Padilla, and trial counsel "substantially misinformed" him about the nature of the charges against him. [Doc. 444-1 at 7-8, 10-11, 16-24, 28-30; Doc. 453 at 2-8]. Hernandez states that, after he signed the plea agreement but before he actually entered his plea, counsel spoke with the prosecutor and then "advised [Hernandez] to forget the plea agreement" because "the prosecutor was not willing to accept [his]

---

[2] Because ground seven of Hernandez's motion to vacate raises the same issue as ground four, the Court addresses it as one ground for relief. [See Doc. 444-1 at 16-21, 27-30]

10

cooperation," and, thus, "it would be better for him to go for a straight-up plea." [Doc. 444-1 at 7, 22; Doc. 453 at 5].

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness," Hill v. Lockhart, 474 U.S. 52, 57 (1985) (citations omitted), and that "the outcome of the plea process would have been different with competent advice," Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). In order to establish prejudice, a § 2255 movant

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court ( i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Id. at 1385. Additionally,

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

11

Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Hernandez's allegations that there was insufficient communication between himself and counsel prior to his plea and that he did not understand the nature of the charges against him are belied by the record. At the plea hearing, Hernandez affirmed that he had sufficient time to consider and discuss the case with his attorney before entering his plea and that he was satisfied with counsel's representation. [Doc. 256 at 10-11]. Additionally, Hernandez acknowledged that he understood the charges against him and the potential sentences he faced. [Id. at 11-15]. The record further refutes Hernandez's contention that counsel advised him he would receive "substantial benefits" from the government if he entered a straight-up plea. Hernandez affirmed that no one had promised him anything in exchange for his guilty plea, including any promise of a particular sentence. [Id. at 9].

At best, Hernandez's allegations indicate that he may have misunderstood counsel's advice regarding the benefits he might have received had he cooperated with the government. The record indicates that Hernandez initially intended to enter a plea with an agreement, [see id. at 2], and Hernandez states that just before the plea hearing,

12

counsel informed him that the government would not accept his cooperation,[3] which was the only way he could have received a sentence below the statutory minimum of 120 months of imprisonment, [Doc. 444-1 at 22]. Thus, counsel's purported advice that a straight-up plea would be better for Hernandez was not objectively unreasonable because pleading guilty without an agreement preserved Hernandez's rights to appeal and to argue all issues at sentencing and did not require cooperation. Hernandez also cannot show prejudice because he states that the government declined to accept his cooperation and thus, he could not have received a lesser sentence. See Lafler, 132 S. Ct. at 1385.

As for Hernandez's Padilla claim, he entered his guilty plea on February 2, 2009, [Doc. 244], more than one year before the Supreme Court's March 31, 2010, decision in Padilla, 130 S. Ct. 1473, which abrogated the Eleventh Circuit's precedent that the deportation consequences of a guilty plea need not be explained to a defendant to ensure that his plea is knowing and voluntary, see United States v. Campbell, 778 F.2d 764, 767 (11th Cir. 1985). Counsel's failure to anticipate a change in the law

---

[3] Hernandez states that he had agreed to testify against co-defendant Heyward. [Doc. 444-1 at 7]. The Court notes that Heyward entered a guilty plea pursuant to a plea agreement approximately two weeks after Hernandez entered his straight-up plea. [See Docs. 256, 263, 368].

13

does not constitute ineffective assistance. United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001). Moreover, the Eleventh Circuit has held that Padilla is not retroactively applicable to cases on collateral review. Figuereo-Sanchez v. United States, 678 F.3d 1203 (11th Cir. 2012); see also Meraz v. United States, No. 7:09-cr-00064-KOB-JEO, 2012 WL 2358592, at *8 (N.D. Ala. June 14, 2012) (rejecting Padilla claim raised in an initial § 2255 motion because it "does not apply retroactively"). Therefore, Hernandez is not entitled to relief on his Padilla claim.

In sum, the plea hearing transcript in this case reveals that Hernandez voluntarily pleaded guilty with a full understanding of the charges and the consequences. [See Doc. 256]. The undersigned finds that trial counsel did not provide Hernandez ineffective assistance in connection with his decision to enter a straight-up guilty plea.

### 3. Ground Six: Appellate Counsel's Effectiveness

In ground six, Hernandez contends that his appellate counsel was ineffective for raising frivolous issues on appeal, failing to argue that Hernandez "only pleaded guilty to 600 pounds," and failing to argue that his 121-month sentence "was higher than what the Judge had stated on the record." [Doc. 444-1 at 25-27; Doc. 453 at 2]. The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Eagle v. Linahan, 279

14

F.3d 926, 938 (11th Cir. 2001) (Strickland applies to allegations of ineffective assistance of appellate counsel). The analysis is two-pronged. However, a court need not address both prongs "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. "[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotation marks and citation omitted). Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. "To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim." Eagle, 279 F.3d at 943.

Contrary to Hernandez's assertion, appellate counsel did argue that Hernandez pled guilty to only 600 pounds of marijuana. [See Doc. 447-1 at 13, 30-49]. "[T]he

15

fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). Additionally, Hernandez was sentenced to the statutory minimum of 120 months of imprisonment, not 121 months. [See Docs. 298-99]. Hernandez identifies no meritorious issue that appellate counsel should have raised. Accordingly, Hernandez has failed to demonstrate deficient performance by appellate counsel, and he is not entitled to relief on ground six.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner

16

or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Based on the foregoing discussion of Hernandez's grounds for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 444], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 23rd day of August, 2012.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

17